# Norfolk & Western Ry. Co., Appellant, *v.* Swift & Co.

*Railroads—Demurrage—Notice of arrival of cars.*

Where a railroad company's demurrage rule requires written notice to the consignee of the arrival of freight cars, and if the cars are not placed on a public delivery track within twenty-four hours after notice of their arrival has been sent out, a notice of their placement shall be given to a consignee, written notice of the arrival or placement of cars, is a condition precedent to the right of the railroad company to recover for demurrage; and this is the case where the cars have been placed on a side track, which is a part of the company's railway system, although the side tracks in question are used exclusively for the business of the defendant.

Argued Oct. 17, 1917. Appeal, No. 91, Oct. T., 1917, by plaintiff from order of C. P. No. 4, Philadelphia Co., Dec. T., 1915, No. 4443, discharging rule for judgment for want of a sufficient affidavit of defense in case of Norfolk & Western Railway Co. v. Swift & Co. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover demurrage.

Rule for judgment for want of a sufficient affidavit of defense.

AUDENRIED, P. J., filed the following opinion:

It is settled that a switch such as that on which the cars for whose detention by the consignee demurrage is claimed by the plaintiff were held is a part of the plaintiff's railway system; that the demurrage tariffs referred to in the statement of claim apply to its use and to the

detention of even private cars thereon when engaged in interstate commerce; and that the plaintiff's demurrage regulations are reasonable and enforceable: Norfolk & Western Ry. Co. v. Swift & Co., 56 Pa. Superior Ct. 471; Pennsylvania R. R. Co. v. Waverly Oil Works, 58 Pa. Superior Ct. 154; Swift & Co. v. Hocking Valley Ry. Co., 243 U. S. 281.

This rule for judgment, however, must be discharged, because of the defendant's allegation that neither the plaintiff nor any one on its behalf gave to the defendant notice of the arrival or placement at Elkton, West Virginia, of the cars referred to in the statement of claim.

Section A of Rule IV of each of the plaintiff's demurrage tariffs provides that the consignee shall be notified in writing of the arrival of cars and billing at destination, within twenty-four hours thereafter, and that in the event that a car is not placed on a public delivery track within twenty-four hours after notice of its arrival has been sent out, a notice of its placement shall be given to the consignee. By Section A of Rule II forty-eight hours' free time is allowed for unloading cars. Under Section C of Rule III, on cars held for unloading, time is computed "from the first 7 a. m. after placement on public delivery tracks, and after the day on which notice of arrival is sent to consignee."

Reasonably construed the plaintiff's rules make written notice to the consignee of the arrival of a car at its destination a condition precedent to the running of demurrage, as is also written notice of its placement, in the case where the car is to be placed for unloading on a public delivery track, if it has not been placed there within twenty-four hours after notice of its arrival has been sent out. The defendant avers that it has not waived these provisions. The plaintiff's failure to comply with them would, therefore, be fatal to its claim.

The argument that written notice of the arrival or placement of the cars consigned to the defendant was not necessary, because Section C of Rule IV provides that

134 NORFOLK & W. RY. CO., Appellant, *v.* SWIFT & CO.

Opinion of Court below—Opinion of the Court. [69 Pa. Superior Ct.

the delivery of cars upon private tracks will constitute notification thereof to the consignee, is without merit. "The cars while on the switch were on a track owned by the railway company. Their transportation within the meaning of the Act to Regulate Commerce had not ended": Swift & Co. v. Hocking Valley Ry. Co., supra. The only theory upon which the plaintiff's claim for demurrage in this case can be sustained is that the switch upon which the cars consigned to the defendant were delivered is the private track of the latter not part of its own line of railway. It would be unjust to hold that as between these parties this switch belongs to the plaintiff for one purpose while for another purpose it is to be regarded as the property of the defendant.

The question of fact raised by the defendant's averment of the plaintiff's failure to notify it of the arrival or placement of the cars consigned to it must be decided by a jury before the case can properly be disposed of.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*F. Markoe Rivinus,* with him *Theodore W. Reath,* for appellant.—The defense of failure to give written notice of arrival or placement is insufficient to prevent judgment (a) because Swift pleads facts sufficient to bring the deliveries within subdivision C of Rule IV which constitutes placement of cars on private tracks notice to the consignee, and (b) the notice question has been decided adversely to Swift by the Supreme Court of the United States: Swift & Co. v. Hocking Valley Ry. Co., 243 U. S. 281.

*M. Hampton Todd,* for appellee.

OPINION BY WILLIAMS, J., March 2, 1918:

Plaintiff sued to recover demurrage charges in accord-

ance with its published tariffs. Rule IV, sub-section (a), of these tariffs provides: "Consignee shall be notified by carrier's agent in writing, or as otherwise agreed to by carrier and consignee, within twenty-four hours after arrival of cars and billing at destination, such notice to contain the point of shipment, car initials and numbers, and the contents, and, if transferred in transit, the initials and number of the original car. In case car is not placed on public delivery track within twenty-four hours after notice of arrival has been sent a notice of placement shall be given to consignee." Sub-section (c), of Rule IV, provides that "delivery of cars upon private or industrial interchange tracks * will constitute notification thereof to consignee."

Defendant's affidavit of defense avers, inter alia, that it received no notice of the placement of the cars, upon which demurrage was claimed, upon the side track at Elkhorn, W. Va., as required by Rule IV a, and that it had not waived such right. The side track upon which these cars were placed being a so-called private switch, plaintiff moved for judgment for want of a sufficient affidavit of defense, because, inter alia, no notice of placement was necessary under Rule IV c. The court below discharged the rule.

The question is whether the giving of notice in accordance with Rule IV a, of the placement of cars upon the particular switch must be proven by plaintiff to establish a prima facie case. The reason given in the opinion of the court below is herewith adopted as a conclusive answer.

The appeal is dismissed at the cost of appellant.

KEPHART, J., dissents.